### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
|  | Civil Action, File Number ____ |
| Reverend Andrey Shirin, and<br>Olga Miroshnichenko<br>2251 Pimmit Drive, #1006<br>Falls Church, VA 22043 |  |
| Plaintiffs, |  |
| vs. |  |
| Alberto R. Gonzales, U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | **COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF** |
| Robert S. Mueller, III, Director<br>Federal Bureau of Investigation<br>935 Pennsylvania Ave. NW<br>Washington, D.C. 20535-0001 |  |
| Michael Chertoff, Secretary<br>Department of Homeland Security<br>Washington, D.C. 20258 |  |
| Eduardo Aguirre, Director<br>U.S. Citizenship<br>and Immigration Services (USCIS)<br>425 Eye St. NW<br>Washington DC 20536 |  |
| Sandra T. Bushey, Acting Director<br>Vermont Service Center<br>U.S. Citizenship & Immigration Services<br>75 Lower Weldon Street<br>St. Albans, VT 05479-0001 |  |
| Defendants. |  |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF**

**I. INTRODUCTION**

1. This is an action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et seq.  This action challenges the unreasonable delays in processing of a name/security check pending at the Federal Bureau of Investigation (FBI) and related Employment Based Adjustment of Status (AOS) Applications pending before the Vermont Service Center of the United States Citizenship and Immigrations Services (USCIS). Even though the FBI acknowledges that a security/name check for the Plaintiffs' AOS Applications was delayed by USCIS's submission of erroneous information, neither the FBI, nor USCIS has been willing to expedite action to complete the security/name check despite multiple requests from the Plaintiffs.  The Plaintiffs bring this action to obtain a declaratory judgment to compel the Defendants and those under them to perform their duties to complete the security/name check and to act upon the Plaintiffs' AOS Applications.

**II. JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1361. Plaintiffs' claims arise under the laws of the United States, including, various provision of Title 8 U.S.C. § 1101 et seq. (Immigration & Nationality Act, "INA") and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action under 28 U.S.C. § 1361; 28 U.S.C. § 1651; 28 U.S.C. § 2201; and under 5 U.S.C. § 701 et seq.

### III. VENUE

3. Pursuant to 28 U.S.C. § 1391(e), venue is proper in this judicial district, because the Defendants operate within this district and maintain headquarters in Washington, D.C., and, because a substantial part of the events or omissions giving rise to the claims herein occurred in Washington, D.C.

### IV. PLAINTIFFS

4. Plaintiff Shirin is an AOS Applicant and a citizen of the Russian Federation. He is ordained in the Freewill Bapist Church; he earned a Master of Divinity Degree from the Eastern Baptist Theological Seminary in Pennsylvania and a Master's Degree and PhD from the Princeton Theological Seminary in New Jersey. Plaintiff Shirin currently holds R visa status and is employed by the Delaware Baptist Association as a Church Planting Missionary. Based on his employment, Plaintiff Shirin filed an AOS Application with the Vermont Service Center of USCIS to adjust to permanent resident status on July 28, 2003.

5. Plaintiff Miroshnichenko is Plaintiff Shirin's wife. She filed an AOS Application with the Vermont Service Center of USCIS for derivative status on July 28, 2003. She is a citizen of the Russian Federation.

### V. DEFENDANTS

6. Defendant Alberto R. Gonzales is the U.S. Attorney General and is sued solely in his official capacity. As Attorney General, Mr. Gonzales has oversight responsibility for the Federal Bureau of Investigation.

7. Defendant Robert S. Mueller, III is the Director of the Federal Bureau of Investigation and is sued solely in his official capacity. As Director, Mr. Mueller leads the FBI, which has failed to expedite processing of a security/name check

for Plaintiff Shirin, even after acknowledging an error related to the security/name check.

8. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and is sued solely in his official capacity. As DHS Secretary, Mr. Chertoff has oversight responsibility for U.S. Citizenship and Immigration Services.

9. Defendant Eduardo Aguirre is the Director of U.S. Citizenship and Immigration Services (USCIS) and is sued solely in his official capacity. As USCIS Director, Mr. Aguirre heads that the agency that made an error submitting security/name check information to the FBI significantly delaying action on the Plaintiffs' AOS Applications. As USCIS Director, Mr. Aguirre is responsible for the administration of immigration benefits and services including the processing of citizenship applications and employment-based petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

10. Defendant Sandra T. Bushey is the Acting Director of the Vermont Service Center of USCIS. As Director of the Vermont Service Center, USCIS, Ms. Bushey is responsible for the administration of immigration benefits and services including the processing of citizenship applications and employment-based petitions. As such, she has decision-making authority over some of the matters alleged in this Complaint.

### VI. FACTUAL ALLEGATIONS

11. The Plaintiffs have validly filed AOS Applications that are currently pending before the Vermont Service Center of USCIS. Plaintiffs Shirin and

3

Miroshnichenko filed AOS Applications on July 28, 2003 based on Plaintiff Shirin's employment by the Delaware Baptist Association.

12. The Plaintiffs are eligible to receive an immigrant visa and are admissible to the United States for permanent residence.

13. As part of processing AOS applications, USCIS conducts various security checks on applicants including an Interagency Border Inspection System (IBIS) name check and a FBI name check.

14. The IBIS name check involves the search of a database of information consolidated from over 20 agencies. IBIS is managed by Customs and Border Patrol (CPB).

15. USCIS also submits AOS applicant information to the FBI National Name Check Program and the FBI searches files documenting people who are the main subject of or referenced in an FBI investigation.

16. In October 2004, Plaintiff Shirin contacted the FBI to request the status of his FBI name/security check. In February 2005, the FBI responded that the first USCIS submission of Plaintiff Shirin's name/security check information contained an error and was not accepted by the FBI's automated system. The FBI indicated that another submission of Shirin's name check information from USCIS was received on January 19, 2005. At this time, processing of the security/name check is still pending with the FBI to the best of the Plaintiffs' knowledge.

17. The Vermont Service Center of USCIS is currently adjudicating Plaintiffs' employment-based AOS Applications filed in December 2004. This data generally updated twice a month and can be found online at:
https://egov.immigration.gov/cris/jsps/Processtimes.jsp?SeviceCenter=Vermont

18. The U.S. Congress has indicated that a reasonable time for AOS adjudications is approximately six months.

19. The FBI attempts to resolve security/name checks for visa requests within 120 days. (Testimony of David M. Hardy, Acting Assistant Director, Record/Information Dissemination Section, Records Management Division, FBI, before the Senate Subcommittee on International Operations and Terrorism, Oct. 23, 2003)

20. USCIS does not have comprehensive controls to prevent and identify mistakes in security checks. Delayed and inconclusive security check results can stall application processing for long periods. In a fraction of cases, slow or inconclusive security check results can cause application processing to stall for years. (Office of Inspector General, Dept. of Homeland Security, A Review of U.S. Citizenship and Immigration Services' Alien Security Checks, OIG-06-06, Nov. 2005)

21. The security/name check for Plaintiff Shirin has been delayed by more than a year and a half and, as a result, adjudication of both Plaintiff Shirin and Miroshnichenko's AOS Applications have been delayed by more than several years.

22. The Defendants have clearly exceeded the bounds of reasonableness in the time for adjudications.

23. Plaintiffs have made numerous inquiries regarding the status of their cases from the FBI and the Vermont Service Centers of USCIS, but their efforts have been to no avail. They asked the FBI and USCIS to expedite the security/name check and the adjudication of the AOS Applications. The Plaintiffs obtained assistance from

5

U.S. Congressman James P. Moran, who contacted the FBI and USCIS on the Plaintiff's behalf, but to no avail. Likewise, the Plaintiffs sought assistance from Prakhash Khatri, USCIS Ombudsman at the U.S. Department of Homeland Security. Khatri agreed to initiate a formal inquiry. The Plaintiffs also sought assistance from the American Immigration Lawyers Association liaison to USCIS. However, none of the efforts have resulted in any action on Plaintiff Shirin's security/name check or adjudication of the Plaintiffs' AOS Applications.

## VII. STATUTORY FRAMEWORK

24. Under the Immigration and Nationality Act, the employment-based category is divided into five preferences or groupings. The fourth employment-based preference includes certain special immigrants, including ministers of religion. 8 U.S.C. § 1153(b)(4).

25. The American Competitiveness in the Twenty-first Century Act of 2000 sets out the parameters of reasonableness in immigration adjudications, stating that: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C § 1571.

26. Defendants are required by 5 U.S.C. § 555 "within a reasonable time ... to conclude a matter presented to it" in connection with an agency function.

## VIII. INJURY TO PLAINTIFFS

27. As Plaintiffs have had to wait significantly longer to become permanent residents, they have been and are unable to stabilize their lives. Their status here has been and will continue to be uncertain. Plaintiffs have been and will continue to be afraid to accumulate assets in the United States because they fear they may

6

ultimately lose permanent residence status and may be required to depart. They have not been able to and cannot plan because they have not known and do not know when they will become permanent residents.

28. Plaintiffs have suffered and will continue to suffer considerable setbacks in their careers, because of delayed adjudications.

29. Plaintiffs have lost significant work time and will lose significant work time while pursuing their adjustment applications, making inquiries at USCIS offices, meeting with lawyers, applying for renewals and travel documents, and otherwise pursuing their delayed permanent residency.

30. Plaintiffs will continue to have to submit to repeated fingerprinting at considerable cost and inconvenience.

31. Because Plaintiffs have not and will continue to not become permanent residents when or as quickly as they should have, their naturalization has also been delayed. They have been and will continue to be unable to petition for their family members to immigrate to the United States as immediate relatives.

32. Because Defendants have implemented unfair and illegal procedures, Plaintiffs have had to and will continue to have to obtain Employment Authorization Documents (EADs) and pay for repeated renewals of those EADs, resulting in significant out-of-pocket expense, including attorneys' fees, inconvenience, and loss of wages.

## IX. CLAIM FOR RELIEF

33. Defendants, despite having a duty to act within a reasonable time, have failed to process and adjudicate Plaintiffs' AOS Applications in a timely manner.

34. Defendant FBI's duty to process the security/name check for Plaintiff Shirin "within a reasonable time" is a non-discretionary duty mandated by federal law.

35. Defendant USCIS' duty to process Plaintiffs AOS applications and adjudicate each application "within a reasonable time" is a non-discretionary duty mandated by federal law and judicial precedent.

36. Defendants conduct in failing to process Plaintiffs' applications and adjudicate these cases in a reasonably timely manner has caused unnecessary and injurious delays to Plaintiffs, in violation of their rights.

37. Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists.

**Count I.**

**Mandamus Action**

**28 U.S.C. § 1361**

38. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

39. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

40. Defendants bear sole responsibility for timely adjudication of AOS Applications and for orderly attendant procedures.

41. Defendants have failed to discharge their mandated duties.

42. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

43. Plaintiffs have exhausted all possible administrative remedies.

44. There exists no other adequate remedy.

**Count II.**

**Violation of INA**

**8 U.SC § 1101 et seq.**

45. Plaintiffs incorporate by reference all submissions made hereinabove that are pertinent to this Count.

46. Defendants' policies, practices and customs violate INA including § 204 of AC21 (8 U.S.C § 1573).

47. Defendants have failed to discharge their mandated duties.

48. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count III.**

**Administrative Procedures Act**

**5 U.S.C. § 555 and 5 U.S.C. § 702 et seq.**

49. Plaintiffs incorporate by reference all submissions made hereinabove that are relevant to this Count.

50. By failing to render timely decisions, Defendants' practices and procedures violate the Administrative Procedures Act and constitute agency action that is arbitrary and capricious, and not in accordance with law. 5 U.S.C. § 701 et seq., 702, 706 ("...agency action unlawfully withheld or unreasonably delayed" under §706(1)) and 5 U.S.C. § 555.

51. Defendants have failed to discharge their mandated official duties.

52. As a result, Plaintiffs suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count IV.**

**Declaratory Judgment Act**

**28 U.S.C. § 2201**

53. Plaintiffs incorporate by reference all submissions made hereinabove that are relevant to this Count.

54. Plaintiffs contend that Defendants' actions and decisions relating to delays in performing a security/name check and completing AOS adjudications violate the INA and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. §2201.

55. Defendants have failed to discharge their mandated duties.

56. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**Count V.**

**Equal Access to Justice Act**

**5 U.S.C. § 504 and 28 U.S.C. §2412**

57. Plaintiffs incorporate by reference all submissions made hereinabove that are relevant to this Count.

58. If they prevail, Plaintiffs will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. §2412.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

i.   Assume jurisdiction over this cause;

ii. Declare that the Defendants' actions are an illegal, arbitrary and capricious abuse of discretion;

iii. Declare that Defendants' failure to act is an illegal, arbitrary and capricious abuse of discretion

iv. Enter Judgment ordering the Defendants to complete the security/name check for Plaintiff Andrey Shirin and to process Plaintiffs' pending Employment Based Adjustment of Status Applications;

v. Award Plaintiffs attorneys fees, costs and expenses under the Equal Access to Justice Act; and

vi. Grant such other and further relief as this honorable Court deems just and appropriate.

Respectfully submitted,

Jim Tom Haynes, D.C. Bar No. 340422
1818 N Street NW, Suite 700
Washington, D.C. 20036
Tel. (202) 293-3123

Dated: Jan. 4, 2006

Jonathan S. Hale, D.C. Bar No. 463297
Attorney for Plaintiffs
205B 12th St NE
Washington, D.C. 20002
Tel. (202) 544-3061

Dated: Jan. 4, 2006

- 11 -